The court. The search warrant in this matter sought the usual request evidence of a crime, contraband, fruits of a crime, or other items illegally possessed for committing a crime. The crimes being committed were in the warrant described as a laundry list, unlawful smuggling into the United States, unlawful importation of a firearm, unlawful receipt or possession of an unregistered NFA firearm, no serial number, that sort of thing. The initial question is what evidence is there that a crime was committed? What probable cause is there that any of these crimes has been committed? What link is there to Mr. Hay or to the residents sought to be searched? Until a technical bulletin was prepared by the alcohol, tobacco, and firearms technical division 40 days prior to this search warrant, until that technical bulletin was prepared, the government and the ATF were admitting that these silencers couldn't be a silencer. They can't function as a silencer without modification. They misled the magistrate to believe that a crime was being committed based upon the bulletin. Counsel, did the affidavit state a crime that was being in the warrant? It did not identify a crime would be my position, your honor. But what did it allege was a crime? Right. They allege there were crimes, your honor. As far as did they identify a crime, my position would be that no, they did not. They spent 16 paragraphs describing that these were silencers. So the allegation was that your client was purchasing illegal silencers for importation? Correct. And in fact, they're going further than that, your honor. They're saying their silencers are ready in their present state, which would be clearly contrary to the Thompson Center fire contender case. It's not a matter of something might be modified. It's a matter that is it modified? This is where the intent comes in, I believe, your honor. The warrant application at page seven describes the fuel filters as silencers based upon this confidential bulletin. And this is not a regulation by ATF where they're regulating ammunition or they're regulating open bolt firearms. This is a confidential regulation and they don't even tell the magistrate that it's a confidential regulation. Well, the district court found that that that that bulletin did not in any way change the as I understand it, the court just thought it was kind of a clarification based on some of the activity they'd seen in the field, as they say. So what what is it about the you present the bulletin as very problematic in this in this search warrant application? But I'm not quite sure where it plays. Is it that that it's sort of a Frank's issue that it was that it was false information, misleading information, or just didn't didn't amount to probable cause because fill in the blank. Your honor, the repeated claim that these items were illegal in their present state without regard to any need to have a modification in the future, I believe, is the misrepresentation. Now, technically, as Judge Jarvi says, this secret regulation can't change the law. I agree with that. But did it change the impression to the magistrate? Why did they spend 16 paragraphs talking about this as a silencer? I mean, if we were to imagine you were in your chambers and a postal inspector approached you and says, I've been around as a postal agent for a long time. I've done lots of these cases. I'm investigating these crimes and I want a search warrant. Custom sent me two packages of 14 fuel filters or solvent traps from China addressed to this Mr. Hay. Someone named Mr. Hay lives at this address where the packages are going to. It appears there's a phone number associated with him. What do you know about Mr. Hay, you ask? The agent says he lives at property with his wife and children. He's not currently a felon. We have no knowledge of gun purchases. We have no knowledge of registration. There's no silencers registered to him. He's got a home, a barn, a garage, outbuildings, RVs, utility vehicles. The real estate's owned by a limited liability. What else? All right. Then I'm going to follow up and ask another question then. I would say, all right, what's the nature of the filters or solvent traps that this person's ordering? I thought I understood that there was, the evidence was that the type he was ordering were not of the sorts that are used in their traditional fashion, like in a car. Is, am I wrong about the evidence here that they were just a little different and unusual? The claim is, is that certain fuel filters, typically they were called a Napa 4003, that this fuel filter was something that was suitable to be used and that people were in fact using them and that there were videos out on YouTube that people were using these. So that's why it got their attention. That's my understanding. Using them as silencers, you mean? Right. That they could be used as a silencer or could be converted as a silencer. And then they say, we're calling them silencers. Well, we don't care whether they're modified or not. You could not use one of these things, put it on the end of a gun and shoot it. It would blow up in your face. It's not suitable. It is not a silencer. But even the government is claiming in its brief that these are silencers in their present state. And then somehow remarkably, there's no controlled delivery arranged. And I can't understand. Could the filters be used in a wide range of automobiles? Yes, that's my understanding. And again, the labeling on these is inconsistent. I did attach several different websites that are describing these filters on Walmart and other places. And the nomenclature is confusing. As a practical matter, you could buy probably any fuel filter. I went out and bought one at O'Reilly's. You could screw it on to the end of a gun, drill it out. You can use a potato as a silencer if you want to, or a pop bottle, a two liter pop bottle. So virtually anything can be a silencer. But these were specifically directed in the bulletin and described as silencers, even without any modification. And then they didn't deliver the silencers. I mean, the cases I've seen for 30 years, you make a controlled delivery. Then you put in these little things to track packages. And you see if the package is accepted. And you see what happens to the package. And then you do the search warrant. Because at that point, the suspected contraband is in the home. In this case, that's the most that we have is suspect. And that goes to the Staples case where they say, you have to know the character before you're guilty of possessing a machine gun. So the government has repeatedly ignored this in its request. And I believe has certainly confused the judge or else as the previous case. I hate to think of this and no disparagement to judge was asleep at the wheel. He didn't realize there was no delivery. But repeatedly in this case, there's talk about evidence of crime and delivery. There was no delivery. You've just got a minute left. So if you want to reserve, you can, or you can continue. If there's a question, I'll answer any question or I would reserve the time for rebuttal. All right. Thank you, Mr. Mueller. Thank you. Ms. Schneider. Thank you, Your Honor. May it please the court. My name is Tori Schneider and I represent the United States of America. The district court did not err in denying appellant's motion to suppress because the search warrant affidavit contained probable cause to search appellant's residence and property for evidence of a crime or instrumentalities of a crime. I think I'm going to start with what crime in particular. There were several possible crimes alleged in the search warrant affidavit. Mr. Mueller did list some of those. It was the illegal importation of firearms. It was the illegal possession of firearms, illegal possession of NFA items. There were several possible offenses listed. Obviously, those were offenses that were being investigated, not necessarily crimes that were committed. We're at the probable cause level. We didn't need to have sufficient evidence to convict at this point. I think it is important to remember that the standard that we're at is a fair probability. Okay. But if these are normal consumer goods and of course, the other counsel's right, a lot of things could be used to silence a gun. We won't start down that road. I didn't give Fifth Amendment. You don't have to give me Fifth Amendment warnings. But my point simply is, if I understood him, these are almost normal consumer goods. It could be used on a car now. So why is there anything that gives probable cause? Thank you, Your Honor. That is exactly what I wanted to focus on. With all due respect, Mr. Mueller is incorrect. These are not normal consumer goods. These are not normal fuel filter or solvent traps. They have no filtering capabilities. They have no purpose whatsoever other than serving as a silencer. Well, now, first of all, was that stated that plainly in the affidavit? Yes. Okay. And second of all, do you mean unmodified or do you mean as they arrived, you know, literally as you got them right in the Amazon box as they arrived, Your Honor, in the Amazon box, they come out and they have no consumer use at all. Yes, Your Honor. And in fact, there is a photo of them contained in the search warrant affidavit that was provided to the magistrate. They lack any filtering capability whatsoever. They in fact, both ends of these. Now there were they came in two shipments. They were of different sizes, but otherwise they looked the same. And the inside, other than having the interior baffles, which those would need to have been drilled, the center would need to be drilled out. Other than that, they were empty on the inside and both ends were open. One end had a screw cap that could also be drilled out, but otherwise it was a screw cap. So it was completely it was just a long cylinder completely empty in the inside until you put the interior baffles in, which would have served then to aid in diminishing the report of a firearm. There was no possible filtering capability to this whatsoever. It could not have been used as a fuel filter or a solvent trap. Also, Your Honor, why do they have a Napa number? Why do they have a Napa number if they can't be used? Napa's National Auto Parts. Why would they have even that number then? It's used if they are used to try to I guess they're fraudulent. I don't know. These come from China, Your Honor. And so they're they're being this particular these particular fuel filters were purchased off of an Alibaba website and they were imported from China and they have that Napa um part number on there. If one is purchased... Did the application or any of those materials address this Napa number point? Yes, Your Honor, because it was addressed in the bulletin and there were I believe seven paragraphs of the search warrant affidavit that quoted from the bulletin and that was one of them. Counsel, would you address the appellant's concern that the procedure used here was atypical and not with a typical type of controlled by or something to indicate that there actually was some knowledge of illegality in an effort to acquire an illegal product on the part of the defendant? Yes, Your Honor. First of all, I know of no case law that does not support that with any case law and they're a controlled delivery in this case. A controlled delivery would not have provided the government with any further information or any more evidence or information than we already had at the time we sought this warrant. Unlike drugs or child pornography. Why could it be because of the ability of the product to be used by those intending to do a criminal act? Why is there an assumption or even a presumption that this individual had operated under that mindset? Wouldn't there need to be some evidence that this individual had an illegal intent as opposed to just because it could be used by that this person was acquiring it for an illegal use? Absolutely, Your Honor. And that was the point of the search warrant. And that is why, again, the standard is a fair probability that evidence will be found, not sufficient evidence to convict someone of a crime. This that what we were cert what we were seeking from the search warrant was evidence such as exactly what you were talking about. What one point I wanted to make about those the these fuel filter silencers that were ordered was that they had thread threading that were matched certain firearms. Now, in legitimate fuel filter silencers, they do not have a threading that matches a firearm. You need an adapter. They would have threadings that would be used for a car like Judge Kelly was talking about. So in this case, we wanted to know what we were seeking in attachment B was are there any firearms present that have this thread sizing that would match these firearms? And we were also seeking cell phones and computers, things that would show that he ordered it and anything like that. I know one of the things that appellant argues in his brief is we didn't know whether he actually owned any firearms, which is true. However, whether he could show someone ordered 14 of these in two different sizes, a lack of firearms would could go to the fact that he could be trafficking these silencers. And and so then anything found on a cell phone could be evidence of that offense as well. So we only Schneider is it Mr. Muller said that that you could use these filters on a number of automobiles. What's your position on that? Unfortunately, Mr. Muller's is incorrect. Perhaps is it is it is it is it in the affidavit expressly to the magistrate judge? These cannot be used for automobiles. What is what is in the affidavit, Your Honor, is that a legitimate fuel filter has the threading size for automobiles, and that you would need an adapter to use it on a car. These are not legitimate. But did it did it did it say that? And and and and also that's one aspect of it, but also say and you can't use these. These are these just don't work in your car. That part, I'm not sure. I'm why wouldn't that be included if if that's isn't that kind of the crux of it? I mean, it's it's it's you know, you go through the details of what they what they are, but isn't the crux of this kind of to loop into Chief Judge Smith's question, which is sort of don't you have to tell the judge you can't use these for anything else? Because if there's any other legitimate use without any other evidence about Mr. Hay, doesn't that call into the question the strength of your warrant application? No, Your Honor, because they still can't be used as a fuel filter, regardless of what they're hooked up to. There is no filtering capability to them, regardless of whatever you hook them to. There's nothing. There's no filtering capability to these devices, regardless of what are you trying to say? If I see if I'm following, you're saying that all you gets the shell, right? Yes, Your Honor. Can you go to a Napa store and get a Napa part that has just a number two or three off that fits inside of it and makes it a fuel filter? Not to my knowledge. Well, I know what the affidavit say, because you and I will see here, right? But that's all that's not within the record, Your Honor. And I was in the record. Well, does the does the ATF bulletins where they were they actually given to the authorizing judge here, the search warrant, or were they just alluded to? There was a photograph and contained in the search warrant affidavit, Your Honor. No, but was where the ATF bulletins actually given to the no seven paragraphs of the affidavit? Okay, thank you. That was all I was after. Go ahead. Thank you. I see that my time is up. So assuming there's no other questions, the government does respectfully request that you affirm the district court. Thank you. Thank you. Thank you, Miss Schneider. Mr. Muller, your conclusion. Your Honor, two points. I think one point that is neglected entirely is that you could order these with the intention to use them as a silencer. And the procedure is to fill out the form one, to pay the $200 tax, to get a number, and then you convert it. So the approach taken by the ATF in this case is that you can no longer do what was a lawful act before this. The second issue I'd like to point out is solvent traps are designed to trap the fluid that's being used in the barrel. When I cleaned shotguns as a kid, we just poured it out on the ground. Now we're a little more concerned about these types of chemicals and we want them captured. So there's a lawful use there. Thank you. Thank you, Mr. Muller. The court appreciates both participation and argument this morning and it's been helpful. This is not an easy case by any stretch. And Mr. Muller, I'd note that you're representing Mr. Hay under the Criminal Justice Act and the court appreciates your willingness to serve in that capacity. Thank you. Thank you, Your Honor. I'm happy to do so in this case. All right. Counsel may be excused.